IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BILLY TYLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-22-KAJ |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
|     Defendant. | ) |

ORDER

1.    Plaintiff, Billy Tyler ("Tyler"), a *pro se* litigant who is presently incarcerated in the Nebraska Department of Corrections, brings this action against Union Pacific Railroad Company. Jurisdiction is based upon diversity pursuant to 28 U.S.C. § 1332. Tyler requested, and was granted, leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1, 4).

2.    The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.

3.    A prisoner who is not proceeding *in forma pauperis* may file a new civil

action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

4.  It has come to the Court's attention that Tyler, while incarcerated, has filed in excess of 90 lawsuits in the Federal District Court in the District of Nebraska. See *Tyler v. Haas.* Civ No. 05-4050 (D.S.D. May 6, 2005). More than three civil actions filed by Tyler while incarcerated were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: *Tyler v. Haas,* Civ. No. 05-4050 (D.S.D. May 6, 2005); *Tyler v. Clarke,* Civ. No. 266-RGK-PRSE (D.Neb. June 10, 2004); *Tyler v. Clarke,* Civ. No. 04-215-JFB-PRSE (D.Neb. June 7, 2004); *Tyler v. Britten*, Civ. No. 03-3273-RGK-PRSE (D.Neb. Apr. 22, 2004); *Tyler v. Stennes-Williams*, Civ. No. 03-310-LSC-PRSE (D.Neb. Sept. 4, 2003).

5.  Accordingly, Tyler may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). Tyler's complaint does not meet that standard.

6.  Based upon the foregoing, the Court VACATES its January 19, 2006, order (D.I. 4) and DENIES Tyler's motion for leave to proceed *in forma pauperis*. (D.I. 1). Tyler, however, is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Tyler does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: March 17, 2006
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

2