IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BILLY TYLER,                          )
                                      )
              Plaintiff,              )
                                      )
      v.                              ) Civ. No. 06-22-KAJ
                                      )
UNION PACIFIC RAILROAD                )
COMPANY,                              )
                                      )
              Defendant.              )

**ORDER**

Plaintiff, Billy Tyler ("Tyler"), a *pro se* litigant who is presently incarcerated in the

Nebraska Department of Corrections, filed this action against Union Pacific Railroad

Company.  Jurisdiction is based upon diversity pursuant to 28 U.S.C. § 1332.  Tyler

requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 1.)

On March 17, 2006, I denied Tyler's motion for leave to proceed *in forma*

*pauperis* on the basis that Tyler had three or more times in the past, while incarcerated,

brought a civil action or appeal in federal court that was dismissed because it was

frivolous, malicious, or failed to state a claim upon which relief may be granted.  (D.I. 5);

*see* 28 U.S.C. § 1915(g).  Tyler now renews his request to proceed *in forma pauperis,*

and also moves for reconsideration of the entry of the "three strikes" order denying him

leave to proceed *in forma pauperis* and requiring him to pay the $250.00 filing fee.  (D.I.

6, 7.)

The purpose of a motion for reconsideration is to "correct manifest errors of law

or fact or to present newly discovered evidence."  *Max's Seafood Café v. Quinteros,*

-1-

176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.; Dasilva v. Esmor Corr. Services, Inc.*, Nos. 03-3095, 03-3348, 03-4435, 05-4007, 03-3096, 2006 WL 197610, at \*3 (3d Cir. Jan 27, 2006).

In his initial motion to proceed *in forma pauperis*, Tyler identifies himself as a person incarcerated illegally at the Nebraska Department of Corrections. (D.I. 1.) In the pending motion, Tyler states that his ten-year sentence that began in 1995 is now expired, and he wants to proceed *in forma pauperis*. (D.I. 6.) Tyler claims that he is being illegally detained by the Nebraska Department of Corrections, and to that end he is seeking habeas relief.

Under the Prison Litigation Reform Act, "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h). Tyler has not provided any evidence that he is not a "prisoner" as that term is defined in § 1915(h). Indeed, he is housed in the Nebraska Department of Corrections and he is currently appealing the denial of his habeas petition. I take judicial notice that Tyler has filed many lawsuits concerning his imprisonment, but according to the U.S. District Court for the District of Nebraska, Tyler is not entitled to be discharged until at least June 18, 2006. *Tyler v. Houston*, 4:05CV3144 (D. Neb. Jan 31, 2006). I also take judicial notice that Tyler sought, and has been denied, habeas relief on the issue of

release. *Id.*; *Tyler v. Houston*, No. 04:06CV3096, 2006 WL 1134892 (D.Neb. Apr. 24, 2006). Based upon the foregoing, I find that Tyler has not demonstrated any of the grounds necessary to warrant reconsideration and therefore, his motion is DENIED.

NOW THEREFORE, at Wilmington this $\underline{9^{th}}$ day of May, 2006, IT IS HEREBY ORDERED that the motion for reconsideration and renewed motion to proceed *in forma pauperis* (D.I. 6) is DENIED. Tyler is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Tyler does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE